```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION


WOJCIECH SOKOL,                    )
                                   )
          Plaintiff,               )
                                   )
     v.                            )    No. 13 CV 5653
                                   )
CITY OF CHICAGO, Illinois, a       )
municipal corporation, and         )
Chicago police officers MIKE GREMO )
and NICHOLAS HARRIS,               )
                                   )
          Defendants.              )
```

## MEMORANDUM OPINION AND ORDER

Before the court is defendants' motion for entry of a protective order. The motion is denied for the following reasons.

## DISCUSSION

Plaintiff, Wojciech Sokol, filed this § 1983 civil-rights case alleging excessive force and malicious prosecution arising from his arrest on December 6, 2011. The defendants, the City of Chicago and Chicago police officers Mike Gremo and Nicholas Harris, have moved for entry of a protective order governing discovery and submitted a proposed protective order. Defendants' proposed order largely adopts this district's Model Confidentiality Order, but adds a paragraph 18, titled "Public Release of Complaint Register Files," which is the parties' point of contention. Paragraph 18 reads as follows:

> Any disciplinary actions, files and attachments to such files generated by the investigation of deaths in custody, uses of deadly force, and complaints of misconduct by Chicago police officers (generally referred to as "Log Number" files, "Complaint Register" files, "Universal" files, or "Extraordinary Occurrence" files; and hereinafter referred to as "CR Files") shall be provided preliminary protection pursuant to this Order, with their review and access limited only to the parties and their attorneys in this case subject to the protections of this Order and shall not be released to any persons not involved in this case, except upon written notice, 30 days prior, to the officer's attorney(s) and to the City of Chicago's attorney, if different, to permit such attorneys and parties to provide a redacted copy of the CR File, which will be produced without the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." This second copy will contain redactions of information prohibited from disclosure by statute, including but not limited to the Illinois Freedom of Information Act, 5 ILCS 140/1 et seq., the Illinois Personnel Record[] Review Act, 820 ILCS 40/.01 et seq., and the Juvenile Court Act, 705 ILCS 405/1-1 et seq. Disclosure of CR Files and their attachments to any persons beyond the parties and their attorneys in this case, or third parties otherwise authorized pursuant to Section 5 of this Confidentiality Order, may be made only in the manner consistent with the redacted version of such CR Files produced by the responding party as set forth above.

(Defs.' Mot., Ex. A.)

## LEGAL STANDARDS

Federal Rule of Civil Procedure 26 provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); see also Bond v. Utreras, 585 F.3d 1061, 1067 (7th Cir. 2009). "Rule 26(c) allows a court to shield certain documents from the public when there is good cause to do so." Bond, 585 F.3d at 1074. The rule "confers broad discretion on the

trial court to decide when a protective order is appropriate and what degree of protection is required." Gordon v. Countryside Nursing & Rehab. Ctr., LLC, No. 11 C 2433, 2012 WL 2905607, at *2 (N.D. Ill. July 16, 2012). The moving party bears the burden of showing good cause for a protective order. Cent. States, Se. & Sw. Areas Pension Fund v. Nat'l Lumber Co., No. 10 C 2881, 2012 WL 2863478, at *2 (N.D. Ill. July 11, 2012) (citing Jepson, Inc. v. Makita Elec. Works, Ltd., 30 F.3d 854, 858 (7th Cir. 1994)). In determining whether there is good cause for a protective order, the court must balance the harm to the party seeking the protective order against the importance of public disclosure. In re Northshore Univ. Healthsystem, 254 F.R.D. 338, 341–42 (N.D. Ill. 2008); Doe v. Marsalis, 202 F.R.D. 233, 237 (N.D. Ill. 2001). "When making a good cause determination, a district court may consider privacy interests, whether the information is important to public health and safety and whether the party benefitting from the confidentiality of the protective order is a public official." Rangel v. City of Chicago, No. 10 C 2750, 2010 WL 3699991, at *1 (N.D. Ill. Sept. 13, 2010) (internal quotation marks omitted).

## ANALYSIS

In their motion, defendants explain that they "do not seek to prevent the production of any relevant documents, but rather to control the dissemination of sensitive information contained in these often voluminous files that is otherwise protected by statute

as set forth in the Model Order," by using the Model Order plus "additional language regarding the protocol for designating particular information within CR files as 'Confidential Information.'" (Defs.' Mot. at 1-2.) Defendants refer to "sensitive information" and "sensitive documents," but they do not specify exactly what information and documents they propose to treat as confidential under proposed Paragraph 18, except by referring to Illinois statutes that, according to defendants, "provide helpful guidance." (Defs.' Mot. at 3.) Defendants state:

> For example, Section 7 of the Illinois Freedom of Information Act ("IFOIA"), by setting forth specific exemptions to public disclosure within IFOIA, supports the protection of various portions of CR files from public dissemination. These include, inter alia, names of Complainants and third parties, as well as private information of individuals, including social security numbers, personal addresses and the like, and information that needs to be protected for safety and security reasons. In addition, the Juvenile Court Act . . . and the Illinois Personnel Records Review Act . . . also mandate protection under Illinois law. Determining which particular information is protected by IFOIA or by provisions of other statutes existing in voluminous CR-type files can only be determined upon close investigation in a case-by-case review. Therefore, ensuring that redactions are properly made prior to any public release of such protected information is essential, and this protective order provides the framework for that contingency while, at the same time, facilitating discovery in this matter.

(Defs.' Mot. at 3-4 (citations omitted).)

Plaintiff objects to paragraph 18 of defendants' proposed protective order. Citing Kalven v. City of Chicago, 7 N.E.3d 741 (Ill. App. Ct. 2014), plaintiff argues that defendants have failed

4

to show good cause for treating the CR files as confidential. In Kalven, the Illinois Appellate Court held that sections 7(1)(n) and 7(1)(f)[1] of the Illinois Freedom of Information Act ("IFOIA") do not exempt CR files from disclosure. 7 N.E.3d at 747-48.

On September 25, 2014, this court entered an order directing defendants to file a reply brief addressing Kalven. Defendants argue in that reply brief that Kalven is inapposite to this case because defendants do not seek to prevent disclosure of CR files under either of the grounds discussed in Kalven; rather, they seek to redact information under two other IFOIA provisions that exempt the following from inspection and copying:

> (b) Private information, unless disclosure is required by another provision of this Act, a State or federal law or a court order.
> . . .
> (c) Personal information contained within public records, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy, unless the disclosure is consented to in writing by the individual subjects of the information. "Unwarranted invasion of personal privacy" means the disclosure of information that is highly personal or objectionable to a reasonable person and in which the subject's right to privacy outweighs any legitimate public interest in obtaining the information. The disclosure of information that bears on the public duties of public employees and officials shall not be considered an invasion of personal privacy.

5 ILCS 140/7(1)(b), (c). Defendants submit that because they seek

---

[1] Section 7(1)(n) of IFOIA exempts from disclosure records "relating to a public body's adjudication of employee grievances or disciplinary cases" (but not the final outcome of cases in which discipline is imposed). 5 ILCS 140/7(1)(n). Section 7(1)(f) of IFOIA exempts from disclosure "[p]reliminary drafts, notes, recommendations, memoranda and other records in which opinions are expressed, or policies or actions are formulated." 5 ILCS 140/7(1)(f).

5

to keep certain information confidential under provisions different from the ones at issue in Kalven, "there appears to be some disconnect between the language of Paragraph 18 . . . and Plaintiff's response" and that their proposed order "simply ensur[es]" that "before the Plaintiff discloses the CR files to any person not involved with this litigation, he provide the Defendants with 30 days written notice so that the CR files can be redacted in accordance with IFOIA, the Illinois Personnel Records Review Act, and the Juvenile Court Act." (Defs.' Reply at 6.)

Defendants' reply still lacks specificity about what information and documents they propose to treat as confidential. Defendants do state that the purpose of their proposed order is to "avoid the dissemination of information that is deemed protected by IFOIA and other state laws, such as witness and victims' names and other identifying information, officers' social security numbers, birth dates, and employee numbers." (Defs.' Reply at 7.)

The "disconnect" here is between Paragraph 18 and its purpose as described by defendants. In other words, paragraph 18 is overbroad. It treats CR files as presumptively confidential *unless* plaintiff gives defendants thirty days' written notice of a request for a redacted copy. Defendants have failed to show good cause for treating entire CR files as confidential by default. Moreover, the 30 days' notice procedure is an unnecessary step in the discovery process, especially considering that any relevant statutes likely

do not protect from disclosure the majority of the information contained in the CR files. If defendants wish to specifically address the confidential treatment of names of witnesses and victims and other identifying information, officers' Social Security numbers, birth dates, and employee numbers, those items can be included in Paragraph 2 of the proposed order, which defines "Confidential Information" and already includes "information protected from disclosure by statute." Paragraph 9 of the proposed order provides the procedures for the parties to follow should any disputes arise concerning what the defendants designate as confidential in the CR files.

## CONCLUSION

For the reasons explained above, the court denies defendants' motion for entry of a protective order [32]. The parties are directed to confer and submit by November 7, 2014 an agreed protective order patterned after this district's Model Confidentiality Order (with the additions to Paragraph 2 that are discussed <u>supra</u>, if desired).

DATE: October 29, 2014

ENTER: _____

Amy J. St. Eve, United States District Judge